### George W. Bernstein, G. Edwin Bernstein and Horace W. Bernstein, trading as George W. Bernstein & Sons, Defendants in Error, v. Chicago Title & Trust Company, Conservator of the Estate of A. N. Waterman, Plaintiff in Error.

#### Gen. No. 22,109.

BILLS AND NOTES, § 434*—*when exclusion of evidence as to failure of consideration is erroneous.* In an action by the payees of a note against the maker where the defendant pleaded a failure of consideration by reason of plaintiffs' failure to assign a certain claim for which the note was given, the refusal to admit proof of a letter by which the note was delivered to the plaintiffs and accompanying which was a written assignment of the claim for plaintiffs' execution, and of a copy of such assignment, and that such assignment was not executed, *held* to be reversible error, as such proof tended to support the defense, and the note itself was produced in evidence.

Error to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed March 14, 1917.

GLENN E. PLUMB and JAMES McKEAG, for plaintiff in error.

F. N. WOOD, for defendants in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This was a suit by the payees of a note against the maker thereof. The defense was failure of consideration by reason of the failure of plaintiffs to assign a claim for which the note was given. The note was delivered to payees by mail, the accompanying letter stating that the note was in payment of an assignment of a claim and that a written assignment was inclosed

---

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.

for plaintiffs' execution. Proof was adduced that the letter was mailed and contained both said note and said assignment, and that the assignment was never executed. That the letter reached the hands of plaintiffs is manifest from the fact that they produced it on notice at the trial.

The court, however, rejected proof of the letter and of a copy of the assignment that was not produced, and struck out proof of the fact that the assignment was never executed. The rejected and stricken evidence together clearly tended to establish the defense pleaded and should have been received.

Defendants in error seek to justify the exclusion of the letter on the ground that it was not correspondence between the parties to the suit as it was neither addressed to the payees nor signed by the maker, and on the ground that there was no proof that Hudson, who signed the letter, had authority to write it. Claiming lawful delivery of the note, as they must to maintain their suit, and not denying the means by which it was delivered, plaintiffs are in no position to question either the authority or means by which they received the note. The inconsistency of such a position is obvious.

Both the letter and copy of assignment tended to prove the defense and were improperly rejected. For such errors the judgment will be reversed and the cause remanded.

*Reversed and remanded.*